# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 13, 2008

Charles R. Fulbruge III
Clerk

No. 08-50043
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MARGARITO IBANEZ-MARTINEZ

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:07-CR-123-ALL

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Through counsel, Margarito Ibanez-Martinez appeals his jury trial conviction for conspiracy to transport illegal aliens for financial gain. Ibanez-Martinez, who has been a fugitive since the selection of the jury, was tried and sentenced in absentia. The record reflects that the district court based its decision on the difficulty in rescheduling the trial; the burden on the Government and the Government's key witness, who was under a hold by the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Department of Homeland Security; and the unlikelihood that Ibanez-Martinez would return or be captured in the near future.

The Government contends that this court should dismiss Ibanez-Martinez's appeal pursuant to the "fugitive disentitlement doctrine." Counsel for Ibanez-Martinez does not address this issue.

The "fugitive disentitlement doctrine" is an equitable doctrine that "limits a criminal defendant's access to the judicial system whose authority he evades." Bagwell v. Dretke, 376 F.3d 408, 410-13 (5th Cir. 2004) (internal citation omitted). Ibanez-Martinez has not been returned to custody since he became a fugitive on September 24, 2007. Under the circumstances, dismissal of Ibanez-Martinez's appeal is appropriate. It is unlikely that Ibanez-Martinez will return, under his own volition or otherwise, in the foreseeable future. Dismissal of this appeal is further supported by enforceability concerns, as any judgment on review may be impossible to enforce, and would serve an important deterrent function and "advance an interest in efficient, dignified appellate practice." Ortega-Rodriguez v. United States, 507 U.S. 234, 240-42 (1993); see Bagwell, 376 F.3d at 410-13.

Accordingly, the appeal is DISMISSED.